UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DON KARL JURAVIN,

    Plaintiff,

v.                                              Case No: 5:25-cv-237-GAP-PRL

DENNIS KELLEHER; PAUL
SIMONSON; JAMES RYAN; RYAN
LAW GROUP, P.A.; JAMES TIMKO;
DEAN, MEAD, EGERTON,
BLOODWORTH, CAPOUANO &
BOZARTH, P.A.; THE CLUB AT
BELLA COLLINA, LLC; and
JENNIFER SIMONSON,

    Defendants.

## Order

This cause comes before the Court on Plaintiff's Motion for Extension of Time to Effect Service of Process. (Doc. 15). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff requests a 60-day extension of time to effect service of process on the Defendants. (*Id*. at pp. 3-4). In the motion, Plaintiff describes his efforts to retain counsel and explains the logical issues he has encountered with finding process servers and identifying the proper addresses to serve the Defendants. (*Id*. at pp. 1-4). Upon review, Plaintiff's motion is due to be granted.

I.   **LEGAL STANDARDS**

Because Plaintiff paid the filing fee and is not proceeding as a pauper in this case, he is responsible for effecting service of process on the Defendants within the time allowed under Federal Rule of Civil Procedure 4(m). *See Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Rule 4(m) requires the plaintiff to properly serve the defendant within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). Rule 4(m) further provides that "if the plaintiff shows good cause for the failure [to serve the defendant within 90 days], the court must extend the time for service for an appropriate period." *See id*. Good cause only exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *See Lepone-Dempsey*, 476 F.3d at 1281 (citation omitted). However, even in the absence of a showing of good cause, "Rule 4(m) grants discretion to the district court to extend the time for service of process." *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

Moreover, in general, "the period of time for service of process in a federal proceeding runs from the date of the original complaint and not the amended complaint; a court permits amended complaints so that the pleadings will conform to the developing evidence and not to enable plaintiffs to extend the time for service indefinitely." *See Uppal v. Wells Fargo Fin.*, No. 8:19-cv-2319-T-36TGW, 2020 WL 7419587, at *1 (M.D. Fla. Apr. 3, 2020) (citation omitted). Critically though, the filing of an amended complaint "does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service." *See id*. (citation

omitted); *cf. Dahdouh v. Road Runner Moving & Storage, Inc.*, No. 20-cv-61936-RAR, 2021 WL 1617693, at *1 (S.D. Fla. Mar. 4, 2021) ("It is only when an amended complaint names a new defendant that the timetable for service upon the added defendant restarts.") (citing *Lindley v. City of Birmingham*, 452 F. App'x 878, 880 (11th Cir. 2011)).

## II. DISCUSSION

In this case, Plaintiff, who is proceeding *pro se*, filed his complaint (Doc. 1) on April 11, 2025, and thus had until July 10, 2025 to serve the Defendants named in the complaint under Rule 4(m). *See* Fed. R. Civ. P. 4(m). Subsequently, on May 5, 2025, Plaintiff filed a Motion for Leave to File the Corrected Complaint ("Motion to Amend"), requesting leave from the Court to file an amended complaint to include the exhibits referenced in the initial complaint. (Doc. 9).[1] The Court granted Plaintiff's Motion to Amend and directed the Clerk to file the proposed amended complaint on the docket as a distinct docket entry, along with its attached exhibits. (Doc. 13). Plaintiff's amended complaint was then filed on the docket on July 10, 2025. (Doc. 14).[2] To date, the record reflects that service has not been perfected on the Defendants.

Given the recent filing of the amended complaint (Doc. 14) on July 10, 2025,[3] and considering Plaintiff's *pro se* status, as well as his stated efforts to locate and serve the eight

---

[1] Notably, Plaintiff's Motion to Amend was filed one month before the Court entered a Vexatious Litigant Order against him, which restricts Plaintiff from filing a pleading to open a new case *pro se* in any division of this Court. (*See* Doc. 10).

[2] Because all the Defendants whom Plaintiff seeks more time to serve were named in the original complaint (*see* Doc. 1), the filing of the amended complaint (Doc. 14) does not restart the time to serve them. *See Dahdouh*, 2021 WL 1617693, at *1; *Lindley*, 452 F. App'x at 879-80 (restarting the time limit with the filing of an amended complaint only because the amended complaint named a new defendant).

[3] The Court notes that the filing of Plaintiff's amended complaint (Doc. 14) renders moot Plaintiff's initial complaint (Doc. 1). *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes an original complaint")

Defendants while attempting to obtain counsel, the Court finds that allowing Plaintiff with an additional 60 days to effect service of process on the Defendants is appropriate in this instance.

Despite proceeding *pro se*, however, Plaintiff is cautioned that he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

### III.   CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Extension of Time to Effect Service of Process (Doc. 15) is **GRANTED**.

(2) Plaintiff must effect service of process on Defendants on or before **September 8, 2025**.

**DONE** and **ORDERED** in Ocala, Florida on July 14, 2025.

---

(citation omitted); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("[T]he original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citations omitted).

- 5 -

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties